IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Winston Douglas Syndab,<br><br>        PETITIONER<br><br>    v.<br><br>United States of America,<br><br>        RESPONDENT | Crim. No. 4:07-cr-00486-TLW-1<br>C/A No. 4:14-cv-02543-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the *pro se* petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Winston Douglas Syndab  For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

Petitioner pled guilty to a drug conspiracy charge and a gun charge under 18 U.S.C. § 924(c), and he was sentenced to 420 months incarceration on December 5, 2008.[1]  He was sentenced as a career offender under the sentencing guidelines based on three prior predicate convictions—Assault and Battery of a High and Aggravated Nature, Failure to Stop for a Blue Light, and Criminal Domestic Violence of a High and Aggravated Nature.  He has filed a petition under 28 U.S.C. § 2255 in which he argues that all of these convictions no longer qualify as predicate offenses under *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *United States v. Hemingway*, 734 F.3d 541 (4th Cir. 2013).  ECF No. 252.

---

[1] This sentence consisted of 360 months on the drug charge and 60 months consecutive on the gun charge.

1

The Government filed a Motion to Dismiss, asserting that Petitioner's § 2255 petition should be dismissed as untimely, and as barred by the appeal and post-conviction relief waiver in his plea agreement. ECF No. 257. The Government also argues that *Descamps* and *Hemingway* are not retroactively applicable on collateral review. ECF No. 257-1 at 8. He filed a response in opposition. ECF No. 261.

After the Fourth Circuit issued its opinion in *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014) (en banc), the Court directed the parties to brief the impact of that decision on this case. ECF No. 262. The Government filed a supplemental memorandum in support of its motion to dismiss, in which it argued that *Whiteside* further supports its motion. ECF No. 264. Petitioner filed a supplemental reply disagreeing with the Government's position. ECF No. 265.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of

fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III. Standard of Review

Petitioner brings this petition *pro se*. Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV. Discussion

The Government argues that Petitioner's § 2255 petition should be dismissed as untimely. The Court agrees.

After the Fourth Circuit affirmed Petitioner's sentence on direct appeal, he sought certiorari from the Supreme Court, which was denied on May 3, 2010. Thus, his one-year statute of limitations to file a § 2255 petition began to run on May 3, 2010. He did not file this petition until

3

June 17, 2014[2]—over four years later.

Petitioner argues that equitable tolling should apply to toll the statute of limitations. However, that argument has now been foreclosed by the *en banc Whiteside* opinion, which held that an intervening change is law is not sufficient to either restart the statute of limitations or justify equitable tolling of the statute of limitations on a § 2255 petition. *See Whiteside*, 775 F.3d at 183, 186–87. Accordingly, the Court finds that the doctrine of equitable tolling does not apply in this case and his petition must be dismissed as untimely.[3]

Additionally, after the parties briefed this case, the Fourth Circuit concluded that an erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255. *See United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015). This decision further bars Petitioner's claim.

Finally, even if the career offender enhancement had been erroneously applied and could be corrected on collateral attack, it still would not help him, as his PSR included a cross-reference to first degree murder, resulting in a base offense level of 43. PSR ¶ 59. He also had 15 criminal history points, which was more than enough to result in a criminal history category of VI independent of the career offender enhancement.

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

[3] The Court also notes that the Government asserts that the claim should be barred by the post-conviction relief waiver in his plea agreement and that *Descamps* and *Hemingway* are not retroactively applicable on collateral review. Regarding the waiver, the Court agrees, as a review of the plea colloquy confirms that the waiver was made knowingly and voluntarily. *See* ECF No. 189 at 9. Regarding *Descamps* and *Hemingway*, which arose out of *Descamps*, it has been broadly recognized that these decisions are not retroactively applicable on collateral review. *See, e.g.*, *Barnhart v. Saad*, No. 3:15-cv-99, 2016 WL 347340, at *3 (N.D. W. Va. Jan. 28, 2016) (collecting cases holding that *Descamps* is not retroactive); *Ladson v. United States*, No. 4:09-cr-00226-TLW, 2015 WL 3604220, at *2 (D.S.C. June 5, 2015) (holding that *Hemingway* is not retroactive); *Mason v. Thomas*, No. 0:14-cv-2552-RBH, 2014 WL 7180801, at *4 (D.S.C. Dec.16, 2014) (same).

## V.     Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 257, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 252, is **DENIED**.[4]  This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

February 11, 2016
Columbia, South Carolina

---

[4] Petitioner also filed a motion requesting appointment of counsel.  ECF No. 256.  In light of the Court's ruling set forth above, that motion is **DENIED AS MOOT**.