IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Winston Douglas Syndab,<br><br>    PETITIONER<br><br>    v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:07-cr-00486-TLW-1<br>C/A No. 4:14-cv-02543-TLW<br><br>**Order** |

Before the Court is Petitioner Winston Douglas Syndab's motion for reconsideration of the Court's order dismissing his § 2255 petition. A Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted).

Petitioner argues that his prior convictions for Assault and Battery of a High and Aggravated Nature, Failure to Stop for a Blue Light, and Criminal Domestic Violence of a High and Aggravated Nature increased his statutory maximum sentence in violation of *Johnson v. United States*, 135 S. Ct. 2551 (2015). There is no merit to this contention, as the drug and gun charges that he pled guilty to both carried maximum sentences of life imprisonment, regardless of any prior convictions; these convictions had no effect on his statutory maximum sentences.

To the extent Petitioner is arguing that these prior convictions are no longer career offender predicates in light of *Johnson*, he is not entitled to relief on that basis. Since he filed his motion to reconsider, the Supreme Court has held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not

1

void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). For this reason and the reasons set forth in the order denying his petition, he is not entitled to relief on that basis.

The Court concludes that Petitioner has not set forth sufficient grounds to cause the Court to alter or amend its prior order. Therefore, his motion for reconsideration, ECF No. 273, is **DENIED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

June 20, 2017
Columbia, South Carolina